**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| HAZEL LEE NOWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, and ) <br> ACEPEX MANAGEMENT CORPORATION, ) <br> ) <br> Defendants. ) <br> _____) | No. 2:19-cv-1630-DCN <br><br> **ORDER** |

The following matter is before the court on the government's motion to dismiss, ECF No. 21. For the reasons set forth below, the court grants the motion and dismisses the government from this action.

### I.   BACKGROUND

In this personal injury action, plaintiff Hazel Lee Nowell ("Nowell") alleges that on or about May 26, 2015, she tripped on a metal grid doormat (the "subject doormat") as she was exiting the Joint Base Naval Health Clinic Charleston ("NHCC") and fell to the ground face-first, sustaining serious injuries including, inter alia, broken teeth, a wrist fracture, a bulging disc in her neck, and a rotator cuff tear. Nowell filed this lawsuit against the government on June 6, 2019 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et seq, alleging a claim of negligence. ECF No. 1, Compl. Nowell specifically alleges that the government "negligently, recklessly, wantonly or willfully plac[ed] a defective and dangerous mat directly in the path of the Plaintiff." Id. ¶ 12.

1

Acepex Management Corporation ("Acepex") is a contracting firm that offers maintenance and custodial-related services and specializes in military base operations. Since 2011, the government has retained Acepex to perform operation, maintenance, and custodial services at the NHCC. The contract between the government and Acepex requires Acepex to provide the personnel, equipment, and materials needed for the performance of its services. See ECF No. 21-2. As the court discusses in greater detail below, the evidence reveals that employees for Acepex and employees for the government played separate roles in removing an old doormat at the NHCC's entranceway, installing and removing temporary flooring in the voided area, and installing the allegedly defective subject doormat.

Nowell's initial complaint alleged a single claim against the government. Compl. On August 3, 2020, the government filed a motion to dismiss that claim for lack of subject matter jurisdiction, asserting Eleventh Amendment immunity. ECF No. 21. On September 15, 2020, Nowell filed a response to the motion to dismiss, ECF No. 25, as well as her own motion "to add a party, or in the alternative, to substitute a party and to amend the complaint." ECF No. 24. In that motion, Nowell sought the court's leave to join Acepex as a defendant. On September 22, 2020, the government filed a brief replying with respect to its motion to dismiss and responding to Nowell's motion. ECF No. 26. The court held a hearing on the motions on October 27, 2020. At the hearing, the court construed Nowell's motion to substitute a party as a motion to amend her complaint and granted the motion. On November 4, 2020, Nowell filed an amended complaint, joining Acepex as a party defendant and bringing a claim of negligence against it. ECF No. 33, Amend. Compl. The parties agreed at the hearing that Nowell's

filing of an amended complaint would not moot the government's motion to dismiss because the motion to dismiss applies to Nowell's claim against the government and is unaffected by Nowell's joinder of an additional defendant. As such, the motion to dismiss remains ripe and applies to Nowell's claim against the government.

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to request dismissal of a claim where the court lacks subject matter jurisdiction. A court must attend to subject matter jurisdictional inquiries at the outset of a case and before any determination on the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 91 (1998). When the government asserts sovereign immunity under the Eleventh Amendment, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the claim's subject matter. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Because "[a]ll waivers of immunity must be strictly construed", an FTCA plaintiff must demonstrate "that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). If the plaintiff fails to satisfy this burden, the court is bereft of subject matter jurisdiction and must dismiss the claim. Id.

The standards for a motion to dismiss under Rule 12(b)(1) and a motion to dismiss under Rule 12(b)(6) differ in that the latter requires the court to accept as true all allegations of the complaint without regard to evidence. In resolving a Rule 12(b)(1) attack on the court's subject matter jurisdiction, however, "the court may consider exhibits outside the pleadings" and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Williams, 50 F.3d at 304 (internal citations

and quotation marks omitted). In other words, Rule 12(b)(1) authorizes a court to "consider the evidence beyond the scope of the pleadings" and "to resolve factual disputes concerning jurisdiction" based on its view of the evidence. Id.

### III. DISCUSSION

The government contends that it is immune from this action because it has not waived sovereign immunity with respect to Nowell's negligence claim. Although the FTCA generally waives federal sovereign immunity with respect to tort claims, it carves out several exceptions to which the general waiver does not apply. The government contends that one such exception applies here—the independent contractor exception.[1] The government contends that "the duties to design, purchase, install, maintain, and perform housekeeping and custodial services related to the front entrance doormat were

---

[1] Unclear as to the theory of negligence on which Nowell initially proceeded, the government also argued that any negligent hiring/retention claim is barred by the discretionary function exception. As an initial matter, Nowell's complaint does not allege that the government was negligent in hiring or retaining Acepex to provide maintenance and custodial services. See Amend. Compl. ¶ 12. Nor does Nowell argue such a theory in her response to the motion to dismiss. As such, Nowell has not sufficiently pled a negligent hiring/retention theory.

Moreover, even if Nowell did properly assert such a theory, the court agrees with the government that it would be precluded by the discretionary function exception, which exempts governmental action that "involves an element of judgement or choice," Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988), and is "inherently [ ] grounded in considerations of policy," Smith v. Washington Metro. Area Transit Auth., 290 F.3d 201, 208 (4th Cir. 2002). The government's retention of Acepex falls squarely within the exemption. See Graham v. United States, 2018 WL 1124284, at *2 (D.S.C. Mar. 1, 2018) (finding that the discretionary function exception applied to a governmental decision to hire an independent contractor because the decision "[wa]s necessarily bound by economic and policy concerns"); see also Williams, 50 F.3d at 304 (finding that a governmental decision to retain a custodial company fell within the discretionary function exception because, firstly, the government had "the discretion to exercise judgment and choice to contract for the maintenance of premises it occupies," and, secondly, in contracting out custodial and maintenance services, the government "had to balance the needs of the [p]remises and the desire to engage an independent contractor against the expense of engaging such services").

contracted to Acepex[ ] and not performed by the government." ECF No. 21-1 at 2. Therefore, the government concludes that the independent contractor exception to the FTCA bars Nowell's claim that the government was negligent in maintaining or installing the subject doormat. The court agrees with the government.

The FTCA allows plaintiffs to sue the United States for injuries resulting from certain torts of government employees, with the statute defining "[e]mployee of the government" as "officers or employees of any federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States." 28 U.S.C. § 2671. The term "federal agency" explicitly excludes "any contractor with the United States." Id. Therefore, Congress has not waived sovereign immunity for injuries resulting from the actions of independent contractors performing work for the government. See United States v. Orleans, 425 U.S. 807, 814 (1976).

The parties do not dispute that Acepex is an independent contractor. And the parties agree that the above law controls the court's resolution of the issue. The parties' dispute lies in whether government employees performed the work that forms the basis of Nowell's claim. Nowell contends that she "has gathered evidence that employees of [the government] directly, specifically[,] and solely performed maintenance on the area where the grid mat is located and helped to install the grid mat . . . ." ECF No. 25 at 3. Nowell concludes that because the independent contractor exception does not apply to negligent acts committed by government employees, the government "is directly responsible and liable . . . under the FTCA." Id. After a review of all the evidence presented, the court finds that the subject doormat was exclusively installed by Acepex employees, meaning

that Nowell's claim is barred by the independent contractor exception. See Williams, 50 F.3d at 304 (authorizing the court "to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "to resolve factual disputes concerning jurisdiction").

In support of her contention that government employees performed the work at issue, Nowell relies in large part on the testimony of Mica Cochran, the Operation and Facilities Department Head of the NHCC, who "manag[es] the upkeep and environment of care [at the NHCC] through a combination of contract and federal employee staff." ECF No. 25-14 ¶ 3. Cochran testified that government employees performed some work on the entranceway at the NHCC prior to the installation of the subject doormat, which occurred on April 16, 2015. Cochran confirmed that government employees removed an old doormat from the entranceway and placed plywood in the voided area on March 6, ECF No. 52-1, Cochran Depo. 25:1–24; secured the voided area with temporary wood flooring on March 10, id. 28:12–29:18; and secured a rug to the temporary flooring on March 27, id. 32:3–21. Nowell claims that Cochran's testimony demonstrates that at least one government employee was involved in the actual installation of the subject doormat on April 16, 2015:

> Q: Okay. All right. On this work request form, Mr. Cochran, it was a work request issued by you on April the 16th, 2015. Is that correct?
> A: That's correct.
> Q: All right. And you asked for the install of a new walkway grid. And the description is, remove temporary walkway filler and install new custom walkway grid at main entrance vestibule at the health clinic, correct?
> A: Correct.
> [ . . .]
> Q: Okay. Okay. All right. So the work that you directed to be done was performed by . . . Mr. Pizzolato, Mr. Fautz, Mr. Pascal, and Mr. Gangnier, correct?
> A: That's correct.

> Q: Okay. All right. And Mr. Gangnier is a federal employee and does not work with ACEPEX, correct?
> A: Mr. Gangnier was a federal employee and does not work for Acepex. But, as part of the maintenance staff at the [NHCC], he would have been required at times to work with them. And that's what happened here.
> Q: Okay.
> A: In this instance, he would have had the plywood removed. He wouldn't have had anything to do with the new install.

Id. 38:10–39:17. Further, an "Unscheduled Work Request Form" covering the Aril 16, 2015 installation of the subject doormat lists "Gangnier" as participating in the work and notes that the job was completed at 2:59 p.m. ECF No. 25-8. According to Nowell, this evidence shows that (1) the government performed work preparing the entranceway for the installation of the subject doormat, and (2) a government employee, Gangnier, actually assisted Acepex employees in performing the April 16, 2015 installation of the subject doormat.

The government "disagree[s] with the interpretation of the evidence put forth by" Nowell. ECF No. 26 at 2. The government contends that evidence of government employees performing work prior to the installation of the doormat has no legal effect because Nowell's complaint alleges negligence in the installation of the doormat, not in the preparation of the area. See Compl. ¶ 12 (alleging that the government breached its duty of care "by negligently, recklessly, wantonly or willfully placing a defective and dangerous mat directly in the path of the Plaintiff."). Indeed, Cochran testified that the government work on the entranceway prior to the installation of the new doormat "had nothing to do with the installation" and "was simply a feature to provide a temporary, safe . . . way to walk across the recessed flooring" of the entryway. Cochran Depo. 67:21–24. The court agrees with the government and finds that evidence of government employees installing and removing temporary flooring prior to the installation of the

subject doormat has no legal effect on Nowell's negligence claim, which is rooted in the installation of the subject doormat. As such, this evidence does not remove Nowell's claim from the scope of the independent contractor exception.

Further, the government denies that any federal employees assisted with the installation of the subject doormat. With respect to the "Unscheduled Work Request Form" covering the installation, the government echoes Cochran's deposition, explaining that Gangnier removed the temporary flooring during the day on April 16, 2015, but that the actual installation of the subject doormat occurred after hours and was performed exclusively by Acepex employees. The court finds the government's evidence more convincing. The only evidence that a federal employee performed work installing the subject doormat is the "Unscheduled Work Request Form", which lists "Gangnier" as having performed work and notes that the job was completed at 2:59 p.m. But Cochran clearly and convincingly explained in his deposition that Gangnier merely removed the temporary flooring during work hours so that Acepex employees could install the new doormat after hours. See Cochran Depo. 39:10–17; 40:4–40:9. Indeed, Cochran explained that the form's notation that the job was completed at 2:59 p.m. refers to the removal of the temporary flooring and not to the installation of the subject doormat, which Acepex employees performed after hours. As Cochran testified, Gangier "wouldn't have had anything to do with the new install." Id. at 39:16–17. In short, Nowell's claim is that the subject doormat was installed negligently, and the evidence shows that Acepex employees exclusively performed the allegedly negligent installation.

As such, the independent contractor exception applies and bars Nowell's claim against the government.[2]

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to dismiss and **DISMISSES** Nowell's claim against the government.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 30, 2020
Charleston, South Carolina**

---

[2] As discussed above, this order has no effect on Nowell's newly asserted claim against Acepex.