**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| HAZEL LEE NOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-1630-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| THE UNITED STATES OF AMERICA and | ) | |
| ACEPEX MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The following matter is before the court on Acepex Management Corporation's ("Acepex") motion to dismiss, ECF No. 38. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

In this personal injury action, plaintiff Hazel Lee Nowell ("Nowell") alleges that on or about May 26, 2015, she tripped on a metal grid doormat (the "subject doormat") as she was exiting the Joint Base Naval Health Clinic Charleston ("NHCC") and fell to the ground face-first, sustaining serious injuries including, inter alia, broken teeth, a wrist fracture, a bulging disc in her neck, and a rotator cuff tear. Nowell filed this lawsuit against the government on June 6, 2019 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et seq, alleging a state-law claim of negligence against the government. ECF No. 1, Compl. In her initial complaint, Nowell specifically alleged that the government "negligently, recklessly, wantonly or willfully plac[ed] a defective and dangerous mat directly in the path of the Plaintiff." Id. ¶ 12.

1

Acepex Management Corporation ("Acepex") is a contracting firm that offers maintenance and custodial-related services and specializes in military base operations. Since 2011, the government has retained Acepex to perform operation, maintenance, and custodial services at the NHCC.  The contract between the government and Acepex requires Acepex to provide the personnel, equipment, and materials needed for the performance of its services.  See ECF No. 21-2.  During discovery, evidence revealed that employees for Acepex and employees for the government played separate roles in removing an old doormat at the NHCC's entranceway, installing and removing temporary flooring in the voided area, and installing the allegedly defective subject doormat.

Nowell's initial complaint alleged a single negligence claim against the government.  Compl.  On August 3, 2020, the government filed a motion to dismiss that claim for lack of subject matter jurisdiction, asserting Eleventh Amendment immunity.  ECF No. 21.  On September 15, 2020, Nowell filed a motion "to add a party, or in the alternative, to substitute a party and to amend the complaint."  ECF No. 24.  In that motion, Nowell sought the court's leave to join Acepex as a defendant, explaining that she was unaware of Acepex's allegedly negligent acts until engaging in discovery with the government.  At a hearing on October 27, 2020, the court resolved to construe Nowell's motion to substitute a party as a motion to amend her complaint and granted the motion.  ECF No. 31.  On November 4, 2020, Nowell filed an amended complaint, joining Acepex as a defendant and bringing a claim of negligence against it.  ECF No. 33, Amend. Compl.  The amended complaint, now the operative complaint, specifically alleges that "under . . . South Carolina law . . . Acepex [is] liable for the negligent acts of [its] employees . . . ."  Id. ¶ 10.

On November 30, 2020, the court granted the government's motion to dismiss, dismissing the government from the lawsuit and noting that its order "has no effect on Nowell's newly asserted claim against Acepex." ECF No. 39 at 9 n.2. In lieu of filing an answer to Nowell's claim against it, Acepex filed the instant motion to dismiss on November 30, 2020. ECF No. 38. On December 14, 2020, Nowell responded, ECF No. 40, and on December 18, 2020, Acepex replied, ECF No. 41. As such, this motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.  DISCUSSION

In its motion, Acepex argues that the court should dismiss Nowell's complaint because her claim falls under the independent contractor exception to the FTCA and because it is barred by the statute of limitations.  The court disagrees on both fronts.

### A.  Independent Contractor Exception - Federal Tort Claim Act

As an initial matter, the FTCA is plainly inapplicable to Nowell's claim against Acepex and thus cannot be a source of any defense nor a ground for dismissal here. Acepex argues that "Plaintiff's claim[ ] against Acepex, an independent contractor, fails because Plaintiff cannot bring suit under the FTCA for a tort committed by an independent contractor."  ECF No. 38-1 at 7.  The problem with Acepex's argument is that Nowell's claim against Acepex is not brought "under the FTCA."[1]  The FTCA is a "limited waiver of the United States' sovereign immunity" that allows plaintiffs to sue the federal government for injuries resulting from certain torts of government employees. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005) (emphasis added); see also 28 U.S.C. § 2674 ("The United States shall be liable . . .").  The FTCA is a vehicle by which a plaintiff can assert a cause of action against the United States; it does not create an independent private right of action.  See 28 U.S.C. § 1346(b) (permitting claims "where

---

[1] The court understands how one could misconstrue Nowell's amended complaint, far from a model of clarity, as purporting to bring claims against Acepex under the FTCA.  The amended complaint imprecisely conflates Nowell's claim against Acepex with her failed claim against the government: "The claims herein are brought against the United States of America and Acepex [ ] (pursuant to the Federal Tort Claims Act [ ]) and 28 U.S.C. §§ [sic] 1346(b)(1) and under South Carolina law, for money damages against the Defendants."  Amend. Compl. ¶ 4.  However, one with a rudimentary understanding of the FTCA would certainly understand the amended complaint as asserting a negligence claim against Acepex "under South Carolina law", not "pursuant to the [FTCA]," given that the FTCA plays no role in a claim against a private party.

4

the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

Therefore, Nowell need not resort to the FTCA to assert a claim against Acepex because Acepex is a private actor, not the United States. Acepex's theory collapses upon brief consideration of its premise. The independent-contractor exception constitutes an exception to the FTCA's general waiver of federal sovereign immunity. Nowell needs no such exception to bring a suit against Acepex, a private actor with no claim to sovereignty of which the court is aware. The court dismissed the government from the case, and Nowell's sole surviving claim asserts ordinary state-law negligence against Acepex, a private corporation to whom the FTCA is plainly inapplicable. As such, Acepex's independent-contractor-exception argument is irrelevant,[2] and its first theory for dismissal fails.

### B.  Statute of Limitations

Acepex argues that Nowell's claim is barred by the statute of limitations under South Carolina law, which sets a three-year limitations period for personal injury actions.[3] S.C. Code Ann. § 15-3-530(5). Acepex explains that Nowell alleges an injury that occurred on May 26, 2015 and failed to assert a claim against Acepex until the filing of her amended complaint on November 4, 2020, after the expiration of the limitations period. In response, Nowell asks the court to toll the applicable limitations period

---

[2] Although the parties' briefs read like ships passing in the night, Nowell seems to indicate that her claim against Acepex does not implicate the FTCA. ECF No. 40 at 11 ("Acepex admits it is an independent contractor of the USA and not protected by the Federal Tort Claims Act.").

[3] Acepex also argues that Nowell's claim is barred by the FTCA's statute of limitations. For the reasons discussed above, the FTCA is inapplicable, and the court rejects this argument.

pursuant to the doctrine of equitable tolling.  Based on Nowell's diligent pursuit of her rights, the court agrees that tolling is appropriate.

Where, as here, the court sits in diversity, it must look to state law to resolve statute-of-limitations issues, including whether the applicable limitations period should be tolled.  See Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) ("[I]n any case in which a state statute of limitations applies—whether because it is 'borrowed' in a federal question action or because it applies under Erie in a diversity action—the state's accompanying rule regarding equitable tolling should also apply.").  The Supreme Court of South Carolina has explained that "'[t]olling' refers to suspending or stopping the running of a statute of limitations," and "may either temporarily suspend the running of the limitations period or delay the start of the limitations period."  Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr., 687 S.E.2d 29, 32 (S.C. 2009) (citing 51 Am. Jur. 2d Limitation of Actions § 169 (2000)).

"In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations."  Id. (citing 54 C.J.S. Limitations of Actions § 115 (2005).  Although the age-old axiom instructs courts to toll the limitations period where "a litigant was prevented from filing suit because of an extraordinary event beyond his or her control," id. at 32 (citing Ocana v. Am. Furniture Co., 91 P.3d 58, 66 (N.M. 2004)), the South Carolina Supreme court has embraced a more flexible standard, noting that tolling may be appropriate "in a variety of contexts":

> The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other.

Equitable tolling may be applied where it is justified under all the circumstances.

Id. at 33 (quoting Hausman v. Hausman, 199 S.W. 3d 38, 42 (Tex. App. 2006)).  Crucial to the inquiry is the diligence with which the plaintiff pursued her rights.  See id.  Still, "equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."  Id.

The instant facts present just such a case.  The unique procedural circumstances here demonstrate Nowell's diligence and excuse her "untimely" claim against Acepex. As an initial matter, the court points out that Nowell's claim against Acepex "relates back" to the filing of her original complaint under the federal rules.  Rule 15(c)(1)(B) provides, "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B); see also Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 547 (2010) (enforcing the plain language of the rule).  Nowell filed her original complaint against the government with this court on June 6, 2019.  Compl.  In March 2020, discovery revealed that Acepex employees performed work on the subject doormat.  Accordingly, on September 15, 2020, Nowell filed a motion to add Acepex as a party defendant, ECF No. 24, which the court granted, ECF No. 31.  Nowell's negligence claim against Acepex clearly asserts a claim that arises out of the conduct alleged in the original complaint, the allegedly negligent installation of the subject doormat, meaning that the claim against Acepex easily satisfies Rule 15's relation-back standard.  As such, Nowell's claim against Acepex, although technically filed on the date of the amended complaint, relates back to the original complaint and is thus deemed filed on June 6, 2019.

Even with the benefit of Rule 15(c)(1)(B), Nowell's claim against Acepex falls outside of the applicable limitations period. South Carolina sets a three-year limitations period, see S.C. Code Ann. § 15-3-530(5), and Nowell's claim against Acepex, deemed filed on June 6, 2019, falls more than three years after the occurrence of her injury on May 26, 2015. However, Nowell was not dilatory is seeking relief, nor did she sit on her rights in the time between her alleged injury and the filing of this lawsuit. Instead, she diligently pursued her rights by following the claims procedure set forth in the FTCA, a mandatory and often lengthy prerequisite to filing suit against the United States. Nowell's injury occurred on federal property. Therefore, Nowell sought relief through the FTCA, proceeding on the reasonable belief that the United States was the correct party that could face liability for her injuries. Nowell filed her claim with the Office of the Judge Advocate General on March 2, 2017, less than two years after her injury, as required by the FTCA. ECF No. 1-1; see 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1). She received an official denial of her claim on December 12, 2018, over twenty months after she filed her claim. ECF No. 1-2. Having exhausted her administrative remedies, Nowell timely filed a complaint against the United States in this court on June 6, 2019, within the six-month deadline to file suit, as outlined in the FTCA. See ECF No. 1; 28 U.S.C. § 2401. In short, Nowell complied with each of the FTCA's procedural requirements, delaying her ability to file her lawsuit for almost two years.

As such, the specific circumstances of Nowell's claim warrant tolling. Absent tolling, the combined effect of the FTCA and South Carolina's statute of limitations place Nowell in a procedural pickle. Nowell originally sought relief under the FTCA, which required her compliance with a lengthy administrative procedure and delayed her filing of

a lawsuit.  When Nowell was finally authorized to file suit and thus obtain evidence, discovery revealed that Acepex was a proper defendant.  Thanks to the FTCA's procedural requirements, however, this discovery came too late under South Carolina statutory law, meaning that Nowell's protracted pursuit of her rights would reach a dead end.  As such, the FTCA's procedural requirements made it all but impossible for Nowell to timely file the claim against Acepex under South Carolina's limitations period.  The FTCA forced Nowell to delay the filing of her lawsuit, and the South Carolina statute of limitations now punishes her for that delay.  Enforcing the combined effect of these laws would be manifestly unjust.  South Carolina's doctrine of equitable tolling is intended to prevent just such injustice.

Thus, the court tolls the statute of limitations in this case for the period in which Nowell pursued her administrative remedies under the FTCA: from March 2, 2017 until the filing of her original complaint on June 6, 2019.  To review, Nowell's amended complaint relates back to the filing of her original complaint, meaning that her claim against Acepex is timely.  The motion to dismiss is therefore denied.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 5, 2021**
**Charleston, South Carolina**

10