IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HAZEL LEE NOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-1630-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| THE UNITED STATES OF AMERICA and | ) | |
| ACEPEX MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on plaintiff Hazel Lee Nowell's ("Nowell") motion to alter judgment, ECF No. 51. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

The court has recounted the facts and procedural history of this case in considerable detail in previous orders, see ECF Nos. 36, 42, and 49, and therefore provides only a brief summary here. This is a personal injury case in which Nowell alleges that she slipped and fell on a metal grid doormat as she was leaving the Naval Health Clinic in Charleston. Because her alleged injury occurred on federal property, Nowell initially filed an administrative claim under the Federal Tort Claims Act on March 2, 2017. After her claim was denied, Nowell filed this action against the United States on June 6, 2019. ECF No. 1, Compl. On March 16, 2020, Nowell learned that defendant Acepex Management Corporation ("Acepex"), an independent contractor hired by the United States, was responsible for maintenance at the Naval Health Clinic and played a role in installing and maintaining the subject doormat. See ECF No. 40 at 5. On

September 15, 2020, six months later, Nowell filed a motion to add Acepex as a defendant, ECF No. 24, and on November 4, 2020, joined Acepex by way of an amended complaint, ECF No. 33. On November 30, 2020, the court dismissed the United States from the case. ECF No. 36.

On November 30, 2020, Acepex filed a motion to dismiss, arguing that Nowell's claim against it fails as untimely under the applicable statute of limitations. ECF No. 38. On January 5, 2021, the court denied that motion, finding Nowell's claim to be timely on the backs of two doctrines, equitable tolling and relation back. ECF No. 42. Shortly after, Acepex filed a motion for the court to reconsider. ECF No. 44. On April 9, 2021, the court reconsidered its holding, found that its application of the relation-back doctrine was faulty, vacated its previous order, and dismissed the case as untimely. ECF No. 49 (the "Dismissal Order"). Now, Nowell has filed a motion for the court to alter its judgment. ECF No. 51. In other words, Nowell requests that the court reconsider its reconsideration. Acepex has filed a response to the motion. ECF No. 53. Nowell declined to file a reply, and the time to do so has now expired. Therefore, this motion is ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available

earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, *5 n. 6 (4th Cir. 1995) (unpublished)).

### III.  DISCUSSION

Nowell asserts that the court should alter its judgment for two reasons. First, she argues that her claim against Acepex satisfies Fed. R. Civ. P. 15(c)(1)(C), such that it relates back to the filing of her original complaint. Under Rule 15(c)(1)(C), a newly asserted claim relates back to the date of the original complaint if (1) the claim arises out of the same conduct, transaction, or occurrence set forth in the original complaint; (2) within the time for service of the original complaint, the new party "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); see also Land v. Green Tree Servicing, LLC, 140 F. Supp. 3d 539, 545–46 (D.S.C. 2015).

By way of review, in the Dismissal Order, the court found that Nowell's claim did not satisfy Rule 15(c)(1)(C) because "there is no dispute that Acepex did not receive timely notice of this action[.]" ECF No. 49 at 6 n.1. Nowell now argues that Acepex had timely notice of this action from its outset, based on the fact that Acepex employees were aware of Nowell's injury at the time that it occurred. ECF No. 51 at 5–9. But the fact

that Acepex employees were aware of Nowell's injury does not equate to Acepex having "notice of the action" as required by Rule 15(c)(1)(C). Indeed, the Fourth Circuit has found that the "notice" Rule 15(c)(1)(C) contemplates is the knowledge that one "face[s] liability" in a lawsuit, not knowledge that an injury occurred. Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001). There is no evidence in the record that Acepex knew, and no reason why it should have known, that Nowell commenced this action against the United States prior to the expiration of the statute of limitations. In Intown Properties, the Fourth Circuit cautioned:

> Rule 15 has its limits, and courts properly exercise caution in reviewing an application of the rule that would increase a defendant's exposure to liability. Thus, an amendment to the pleadings that drags a new defendant into a case will not relate back to the original claims unless that defendant had fair notice of them.

Id. Because there is no evidence that Acepex "had fair notice of" Nowell's initial claim against the United States, Nowell's untimely claim against Acepex does not relate back to the filing of the original complaint. Thus, the court rejects Nowell's first argument.

Second, Nowell argues that the court erred in its application of the equitable tolling doctrine. In its January 5, 2021 Order, the court equitably tolled the applicable three-year statute of limitations to account for the time during which Nowell pursued her administrative remedies: "from March 2, 2017 until the filing of her original complaint on June 6, 2019." ECF No. 42 at 9. In its subsequent Dismissal Order, the court affirmed that finding. ECF No. 49 at 5 ("[T]he court finds that it correctly applied the doctrine of equitable tolling, which tolls the applicable limitations period from March 2, 2017 until June 6, 2019."). Now, for the first time, Nowell argues that the court did not equitably toll the statute of limitations quite long enough. Specifically, she contends that

4

the court should have tolled the statute until March 16, 2020, the date on which Nowell learned of Acepex's involvement in her injury. The court disagrees.

The Supreme Court of South Carolina has explained, "In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations." Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr., 687 S.E.2d 29, 32 (S.C. 2009) (citing 54 C.J.S. Limitations of Actions § 115 (2005)). South Carolina has embraced a flexible standard, noting that tolling may be appropriate "in a variety of contexts":

> The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other. Equitable tolling may be applied where it is justified under all the circumstances.

Id. at 33 (quoting Hausman v. Hausman, 199 S.W. 3d 38, 42 (Tex. App. 2006)). Still, tolling is appropriate only to the extent that it "is necessary to prevent unfairness to a diligent plaintiff." Pelzer v. State, 662 S.E.2d 618, 620 (S.C. Ct. App. 2008). The law in South Carolina is clear that equitable tolling is granted "rarely" and "reserved for extraordinary circumstances." Id.; see also Hooper, 687 S.E.2d at 32 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use.").

The court did not err in tolling the statute of limitations no further than June 6, 2019. For one, the doctrine of equitable tolling, where applicable, vests discretion in the court to apply the doctrine in a way that "prevent[s] unfairness." Pelzer, 662 S.E.2d at 620. South Carolina law does not set "cast-iron rules" by which a court must determine the length of a particular toll. Therefore, the court's determination of the proper length of

5

a toll cannot be premised upon a "clear error of law" and thus does not provide a proper ground for a motion to alter judgment. Wilder, 2012 WL 1565631, at *1. Moreover, the court tolled the statute of limitations to account for the time during which Nowell pursued her administrative remedies. That pursuit, the court reasoned, "delay[ed Nowell's] ability to file her lawsuit for almost two years." It was that delay which gave the court reason to invoke the doctrine of equitable tolling. The court did not toll the limitations period to account for the fact that Nowell did not know the identity of the proper defendant. Indeed, it couldn't have—failing to identify a defendant is not the type of "extraordinary circumstance" that warrants equitable tolling. Pelzer, 662 S.E.2d at 620 (holding that equitable tolling is granted "rarely" and should be "reserved for extraordinary circumstances."). Therefore, the court rejects Nowell's second argument and denies the motion in full.

### IV. CONCLUSION

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 17, 2021**
**Charleston, South Carolina**